**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LOUBNA HIZOUNI,** | **:** | |
| | **:** | |
| Plaintiff, | **:** | **CIVIL ACTION** |
| **v.** | **:** | |
| | **:** | **No.  25-3534** |
| **PROGRESSIVE ADVANCED INSURANCE** | **:** | |
| **COMPANY,** | **:** | |
| | **:** | |
| Defendant. | **:** | |

**<u>MEMORANDUM</u>**

Presently before the Court is Plaintiff's Motion to Strike Defendant's Objections and to Compel 30(b)(6) Corporate Designee Deposition ("Motion") (Dkt. 30).  While the parties have cooperatively resolved numerous discovery issues thus far, Defendant now objects to two topics for deposition.  First, Defendant objects to Plaintiff's demand that Defendant produce a witness to "[i]dentify and discuss the regulations and statutes which govern [Defendant's] conduct toward its insure[d]s, including the Unfair Insurance Practices Act, and the Pennsylvania Code regulations for unfair insurance practices."  Motion at ¶ 11 (Dkt. 30); Defendant's Response in Opposition ("Response") at 2 (Dkt. 31).  Second, Defendant objects to Plaintiff's demand that Defendant produce a witness to "identify, bring and discuss all Pennsylvania [uninsured motorist] and [underinsured motorist] claims where insureds instituted litigation to recover amounts due under and insurance policy and where [Defendant] offered substantially less tha[n] the amounts demanded and ultimately recovered in the litigation[,]" from 2022 to the present.  Motion at ¶ 11 (Dkt. 30); Response at 2 (Dkt. 31).  For the reasons that follow, this Court sustains Defendant's objections to both topics.

Discovery must be "relevant" to parties' claims and must be "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiff's demands for discovery must be relevant to her claim that Defendant's handling of her uninsured motorist claims constituted bad faith under 42 Pa.C.S. § 8371. Furthermore, this Court "must limit" discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[,]" or if it is irrelevant. Fed. R. Civ. P. 26(b)(2)(C)(i, iii). This language from Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly[.]" *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Here, Plaintiff's demand for a corporate designee to identify and discuss governing statutes is not justified. Plaintiff insists that "[w]hether or not [Defendant] is required to comply with the Unfair Insurance Practices Act (UIPA) and regulations … is relevant to show the regulatory standards [Defendant] is required to follow." Motion at ¶ 40 (Dkt. 30). Yet the applicability of the UIPA and other law to Defendant's actions is a legal question for this Court. It is not something for Defendant's corporate designee to decide.

Moreover, the UIPA is irrelevant to Plaintiff's bad faith claim. In *Terletsky v. Prudential Property & Casualty Insurance Company*, the Pennsylvania Superior Court laid out a two-prong test for bad faith insurance claims: "[T]o recover under a claim of bad faith, the plaintiff must show [1] that the defendant did not have a reasonable basis for denying benefits under the policy and [2] that [the] defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." 649 A.2d 680, 688 (Pa. Super. 1994) (citations omitted). Prior to *Terletsky*, Pennsylvania courts "looked to the UIPA and the [Unfair Claims Settlement Practices regulations] to give content to the concept of bad faith as used in [42 Pa.C.S. § 8371]." *Dinner v. United Servs. Auto. Ass'n Cas. Ins. Co.*, 29 F. App'x 823, 827 (3d Cir. 2002) (citation omitted). However, "much

2

of the conduct proscribed by" the UIPA and the Unfair Claims Settlement Practices regulations is "wholly irrelevant to whether an insurer lacks a reasonable basis for denying benefits and, if so, whether it knew or recklessly disregarded that fact." *Id.* Thus, a violation of the UIPA or the regulations "is not a per se violation of the bad faith standard[,]" *i.e.*, the two-prong standard from *Terletsky. Id.*[1] The information is therefore not relevant to Plaintiff's claim. *See also id.* ("[R]eference to the fact that [a] defendant's conduct violated the UIPA or the [Unfair Claims Settlement Practices regulations] holds the potential for the jury's verdict being influenced by irrelevant matter.").

To the extent Plaintiff's proposed discovery topic would reach other, potentially relevant areas, the demand is overly broad and too vague to be acceptable. Finally, it is noteworthy that Plaintiff has already disposed multiple adjusters and supervisors who work for Defendant about this very issue. *See* Motion at 6–9 (Dkt. 30). In summary, bringing in a corporate designee to give legal conclusions would do nothing to further Plaintiff's claim in this case. Therefore, this Court rejects Plaintiff's request to do so.

Plaintiff's second demand likewise lacks merit. For this topic, Plaintiff seeks information about all uninsured and underinsured motorist claims—going back to 2022—where insureds sued Defendant and were ultimately awarded substantially more than Defendant initially offered. This request is a vague, overly-broad fishing expedition.

Plaintiff is seeking information that is outside the proper scope of this action. "Limiting discovery to the practices applied to the individual plaintiff is the preferable approach, as the issue

---

[1] This Court acknowledges *Dinner* is not precedential. Nevertheless, this Court observes that other judges in this District have been persuaded by *Dinner*, concluding that the UIPA's standards are not relevant to a bad faith claim under 42 Pa.C.S. § 8371. *See, e.g.*, *Cutting Edge Tree Pros., LLC v. State Farm Fire Claims Co.*, No. 23-cv-3197, 2024 WL 4595579, at *4 (E.D. Pa. Oct. 28, 2024) (Kenney, J.). Further, this Court notes the Pennsylvania Supreme Court has "adopt[ed] the two-part test articulated by the Superior Court in *Terletsky*[.]" *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017).

3

in a bad faith case is whether the insurer acted recklessly or with ill will towards the plaintiff in a particular case, not whether the defendants' business practices were generally reasonable." *Santer v. Tchrs. Ins. & Annuity Ass'n*, No. 06-cv-1863, 2008 WL 755774, at *3 (E.D. Pa. Mar. 18, 2008) (citation and quotation marks omitted).  Plaintiff pursues information about other cases and the suspected after-the-fact disparity between Defendant's offer and the final award, but those other matters "may very well have been legitimately decided on their merits, which could not be known without an extensive *post hoc* evaluation of the merits of each claim." *See Barnard v. Liberty Mut. Ins. Corp.*, No. 18-cv-1218, 2019 WL 461510, at *7 (M.D. Pa. Feb. 6, 2019).  Accordingly, granting plaintiff such a wide berth is inadvisable, as the "discovery of other insureds' claims in bad faith cases is generally improper, as such information is irrelevant." *Id.* (citations omitted).

There are a "myriad of potential factual differences between other claims and the present claim, including different types of policies [and] unique policy language[.]" *See Horvath v. Globe Life & Accident Ins. Co.*, No. 18-cv-84, 2019 WL 975172, at *4 (W.D. Pa. Feb. 28, 2019);  *see also Zettle v. Am. Nat. Prop. & Cas., Co.*, No. 3:10-cv-307, 2012 WL 2359962, at *1 (W.D. Pa. June 20, 2012) ("[D]iscovery of other insureds' claims in bad faith cases is generally improper, as such information is irrelevant."); *Graham v. Progressive Direct Ins. Co.*, No. 09-cv-969, 2010 WL 3092684, at *1 (W.D. Pa. Aug. 6, 2010) ("[T]he majority of the opinions addressing this issue disfavor the discovery of similar claims evidence in bad faith cases." (collecting cases)); *McCrink v. Peoples Benefit Life Ins. Co.*, No. 04-cv-01068LDD, 2004 WL 2743420, at *6 (E.D. Pa. Nov. 29, 2004) ("Courts within the Third Circuit generally refuse to permit discovery of previous lawsuits filed against insurance companies concerning the disputed policy provisions at issue in the current bad faith litigation. … Information about previous litigation concerning the [relevant policy provisions] can be obtained from Westlaw or Lexis.  …  Furthermore, most of this

information is likely to be irrelevant, particularly because insurance litigation rests upon particular factual circumstances, which are likely to differ significantly from case to case." (citations omitted)).

Additionally, it is worth noting that a gap between an insurance company's initial offer and an insured's ultimate award is not itself evidence of bad faith. It is "not unusual" for the insurer and the insured to disagree about the value of a claim, and "the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012) (citation omitted). As Defendant argues, determining the true import of the information Plaintiff seeks would require "a detailed review and analysis of the facts of each and every other claim[.]" Response at 7 (Dkt. 31). This would amount to a series of "'mini trials' on those claims, distracting from what is at issue in the case—the reasonableness of [Defendant's] evaluation of *Plaintiff's* claim." *Id.* at 8 (emphasis in original).

Finally, the "burden … of [Plaintiff's] proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Plaintiff's request, Defendant rightly notes, comes "in the form of topics for a corporate designee deposition." Response at 8 (Dkt. 31). This means a witness would need to "conduct a manual review of the other files ostensibly sought by Plaintiff in order to testify as to the facts of other claims." *Id.* The witness would also need to determine the scope of Plaintiff's vague language, deciding which cases involved an initial offer that was "substantially less" than the final award. *See* Motion at ¶ 11 (Dkt. 30). This sort of discovery request could "properly be characterized as a fishing expedition, causing needless expense and burden to all concerned." *See N. River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995) (Bartle, J.). Plaintiff is not limiting her request to cases where courts found Defendant acted in bad faith. Instead, Plaintiff is attempting to collect information about a far

broader (and less clearly-defined) category of claims. All of this "gives rise to a substantial suspicion that [P]laintiff's discovery requests are designed to inflict punishment upon [Defendant], rather than to obtain useful information." *See Stewart v. State Farm Ins. Co.*, No. 99-cv-5658, 2000 WL 419787, at *1 (E.D. Pa. Apr. 10, 2000).

For the reasons given above, Plaintiff's Motion to Strike Defendant's Objections and to Compel 30(b)(6) Corporate Designee Deposition is without merit and is therefore denied. An appropriate order follows.

DATED: March 10, 2026

BY THE COURT:

_____
GAIL A. WEILHEIMER, J

6